

# United States Department of Justice

United States Attorney
Southern District of West Virginia

Robert C. Byrd Federal Building
110 North Heber Street
Room 261
Beckley, WV 25801

304-253-6722
FAX: 304-253-9206

**FILED**
AUG 13 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

June 24, 2019

Rico R. Moore, Esquire
441 Rockaway Road
Charleston, WV 25302

   Re: United States v. Ryan Johnson, aka "Pun"
     Criminal No. 2:18-00200-02 (USDC SDWV)

Dear Mr. Moore:

This will confirm our conversations with regard to your client, Ryan Johnson (hereinafter "Mr. Johnson"). As a result of these conversations, it is agreed by and between the United States and Mr. Johnson as follows:

  1. **PENDING CHARGES.** Mr. Johnson is charged in three counts of a five-count superseding indictment as follows:


TO SECOND RLM RSJ

  (a) Count One charges Mr. Johnson with a violation of 21 U.S.C. § 846 (conspiracy to distribute more than one hundred grams of heroin and a quantity of oxycodone);

  (b) Count Two charges Mr. Johnson with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of oxycodone); and

  (c) Count Three charges Mr. Johnson with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of heroin).

  2. **RESOLUTION OF CHARGES.** Mr. Johnson will plead guilty to Count One of said superseding indictment, which charges him with a violation of 21 U.S.C. § 846. Following final disposition, the United States will move the Court to dismiss Counts Two and

             RSJ
            Defendant's Initials

Three in Criminal No. 2:18-00200-02 as to Mr. Johnson.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Johnson will be exposed by virtue of this guilty plea is as follows:

**<u>COUNT ONE (21 U.S.C. § 846)</u>**

(a) Imprisonment for a mandatory minimum period of 5 years and up to 40 years;

(b) A fine of $5,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of at least 4 years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

(e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Johnson for a period of 5 years; and

(f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4. **SPECIAL ASSESSMENT.** Mr. Johnson has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Johnson agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **PAYMENT OF MONETARY PENALTIES.** Mr. Johnson authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting

_RSJ_
Defendant's
Initials

agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Johnson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Johnson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Johnson authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Johnson shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Johnson agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

6. **COOPERATION.** Mr. Johnson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony

RSJ
_____
Defendant's
Initials

upon request of the United States. In complying with this provision, Mr. Johnson may have counsel present except when appearing before a grand jury.

7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Johnson, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Johnson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Johnson for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Johnson stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Johnson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Johnson or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Johnson knowingly and voluntarily waives, see

RSJ
Defendant's Initials

United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Johnson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Johnson knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Johnson also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction, 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), are unconstitutional, and (2) Mr. Johnson's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the statutes of conviction, 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Johnson also knowingly and voluntarily waives the right

_RSJ_
Defendant's Initials

to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Johnson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Johnson;

(f) Advise the Court concerning the nature and extent of Mr.

_RSJ_
Defendant's Initials

Johnson's cooperation; and

  (g)  Address the Court regarding the issue of Mr. Johnson's acceptance of responsibility.

   13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Johnson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

   14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Johnson in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Johnson in any Court other than the United States District Court for the Southern District of West Virginia.

   Acknowledged and agreed to on behalf of the United States:

                               MICHAEL B. STUART
                               United States Attorney

                     By:       */s/ Timothy D. Boggess*
                               TIMOTHY D. BOGGESS
                               Assistant United States Attorney




                                                   RSJ
                                            _____
                                            Defendant's
                                              Initials

Rico R. Moore, Esquire
June 22, 2019                              Re: Ryan Johnson
Page 8


I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          7-24-2019
Ryan Johnson                             Date Signed
Defendant

_____          8-6-2019
Rico R. Moore, Esquire                   Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18-00200-02

RYAN JOHNSON,
   aka "Pun"

**STIPULATION OF FACTS**

    The United States and RYAN JOHNSON stipulate and agree that the facts comprising the offense of conviction (Count in the Superseding Indictment in the Southern District of West Virginia, Criminal No. 2:18-00200-02) and the relevant conduct for that offense, includes the following:

    Between October 2017, and September 27, 2018, I participated in a drug trafficking network by distributing heroin and oxycodone with James Terry, Larry Avery, Brian Kelley, Greg Coleman, and others, in and around Fayette County, within the Southern District of West Virginia. During this time period, I distributed more than one hundred grams of heroin and approximately 1,456 oxycodone pills in and around Fayette County, West Virginia, within the Southern District of West Virginia. I knew that Greg Coleman and others were redistributing the pills and heroin.

    During this same time period, I obtained oxycodone pills and heroin from James Terry, Brian Kelley, and others. The heroin and pills were transported from New Jersey to West Virginia. Other members of the drug trafficking organization would deliver controlled substances to my house in the Southern District of West Virginia and pick up money owed from previous transactions. The plan was to re-sell the pills and heroin for profit. On July 7, 2018, Brian Kelley was stopped after he left my house. Police obtained a search warrant for the car. During the search, officers located drugs and $21,000 in cash that I had previously provided to Kelley as a payment for a previous drug debt.

    On December 1, 2017, near Mount Hope in Raleigh County, within the Southern District of West Virginia, I sold oxycodone to a

**PLEA AGREEMENT EXHIBIT A**

person I now know was working as a confidential informant. On January 31, 2018, I sold heroin to the same confidential informant near Oak Hill, Fayette County, West Virginia. The controlled substances I sold were confirmed to be oxycodone and heroin by the DEA Mid-Atlantic Laboratory.

The total weight of controlled substances that I am responsible for distributing during the conspiracy, has a converted drug weight of at least 1000 kg but less than 3000 kg. Heroin is a schedule I controlled substance. Oxycodone is a schedule II controlled substance. I also know that Raleigh County and Fayette County, West Virginia are within the Southern District of West Virginia.

This Stipulation of Facts does not contain each and every fact known to Ryan Johnson and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____  7-24-2019
RYAN JOHNSON                      Date
Defendant

_____  8-6-2019
Rico R. Moore                     Date
Counsel for Defendant

_____  8-6-2019
Timothy D. Boggess                Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2